**Allen BRYANT, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 2202.

United States District Court
S. D. West Virginia.

April 7, 1967.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision by a hearing examiner on November 30, 1966, became the final decision of the Secretary on December 29, 1966, when the Appeals Council adopted it. The final decision holds that, on the basis of his application filed November 5, 1963, plaintiff is not entitled to a period of disability or disability bene-

fits under the provisions of the Act prior or subsequent to the 1965 Amendments.[1]

Plaintiff last met the Act's special earnings requirements as of March 31, 1963. Under the Act, 42 U.S.C.A. § 416(i), an individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required. Thus, the burden is upon the plaintiff to establish by credible evidence that he was disabled within the meaning of the Act prior to March 31, 1963, when he last met the insured status, though this need not be carried beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir.1964).

The standard of review in actions of this nature is found in Section 205(g) of the Act, as amended, and is as follows:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

In short, the Courts are not to try the case de novo, and if the findings of the Secretary are supported by substantial evidence, the Courts are bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir.1962). Nevertheless, it is said that this provision of the law does not contemplate that the Courts should surrender their "traditional function," but rather that they will view the record as a whole, not for the purpose of making an independent finding, but to determine whether or not the finding is supported by substantial evidence and to see to it that the administrative agency does not act arbitrarily or capriciously in denying just claims or allowing unworthy ones. Thomas v. Celebrezze, supra; Underwood v. Ribicoff, supra; Snyder v. Ribicoff, 307 F.2d 518 (4th Cir.1962). In determining the meaning of "substantial evidence," the Courts have held it to be more than a scintilla but less than a preponderance. Thomas v. Celebrezze, supra. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). The Fourth Circuit has pointed out that if there is only a slight preponderance of evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, supra. Therefore, the immediate task of this Court is to determine whether the defendant's denial of the plaintiff's claim is supported by substantial evidence.

This record contains a voluminous amount of medical evidence which has been exhaustively reviewed by the hearing examiners. No useful purpose would be served by the Court's elaborating on this in detail, consequently, the conditions themselves, as the evidence establishes their existence prior to March 31, 1963, will be evaluated insofar as they singularly and in combination may have precluded plaintiff from engaging in any substantial gainful activity. The law is clear that any disability that has its onset or becomes disabling after the claimant last meets the earnings requirements may not be the basis for a favorable finding. Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va.1962). Thus, if plaintiff may now be disabled because of a deterioration in his condition or as a result of other ailments that were not present

---

1. Section 303(a) of Public Law 89–97, 79 Stat. 286 (the 1965 Social Security Amendments) amends the meaning of the term "disability" as found in 42 U.S.C.A. § 423 as follows: "(I)nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." Previously the physical or mental impairment had to " * * * *

be expected to result in death or to be of long-continued and indefinite duration."

Under the provisions of Section 303(f) of the law, a period of disability may be established by use of this amended definition. However, benefits would only be payable beginning in September 1965 or the seventh month in which an individual has been determined to be under a disability under the amended test, whichever is later.

as of March 31, 1963, it is not pertinent to this decision.

■ In resolving whether or not the Secretary's determination that plaintiff has failed to establish an inability to engage in substantial gainful activity prior to March 31, 1963 is supported by substantial evidence, the Court must examine not only the objective findings of the examining and treating physicians, including their diagnoses and expert medical opinions, but the subjective evidence of pain and disability as well as plaintiff's educational background, work history and present age. Underwood v. Ribicoff, supra; Dillon v. Celebrezze, 345 F.2d 753 (4th Cir.1965).

Plaintiff was born October 9, 1922, is married and the father of five children, four of whom presently live at home. He has about a fifth grade education, and other than timbering and farming, his work experience has been heavy manual labor in coal mines. In 1955 he suffered a broken back in a mine accident and missed several months of work. He, nevertheless, returned to the mines and continued working until the mine ceased operation in 1958. His only work since that time was from 1960 to August 1963 under the ADCU program. He alleges that he did very little actual work and the record indicates that he missed a considerable amount of time.

As previously mentioned, this record contains a great deal of medical evidence, also Dr. Willard Pushkin, Chief of Medicine at Charleston General Hospital, Charleston, West Virginia, appeared at the supplemental hearing on October 12, 1966 as an expert medical witness, at which time he evaluated the various reports and findings and expressed an opinion as to plaintiff's ability to engage in moderate activity on a sustained basis.

There is no question that plaintiff suffers some disability from the residuals of his back injury. In a March 16, 1964 report, Dr. E. M. Delabarre, Jr. commented that he believed there was radiographic and clinical evidence to justify the complaints of back pain but that he could not quantitate it. The pulmonary function appeared to be pretty good and no evidence of cardiac disease was found. The impressions were (1) Chronic back pain secondary to old compression fractures of L–3 and L–4 and osteoarthritis of the spine; (2) Chronic bronchitis; and (3) Mild arterial hypertension.

Only one physician, Dr. Abraham Tow, a pediatrician, in an October 1963 report, expressed an opinion that plaintiff was disabled from all types of work. He found plaintiff to have an enlarged heart and diagnosed (1) cardiac disease; (2) pulmonary emphysema; (3) low back syndrome; and (4) acute anxiety nervous. The objective medical findings rule out an enlarged heart, and the other examining physicians found no evidence of cardiac disease other than mild high blood pressure. Plaintiff suffered from epistaxis in February 1966 which was considered marked and was attributed to his hypertension (although Dr. Pushkin did not believe they were related), however, there is no evidence to indicate that this condition added significantly to his inability to work as of March 31, 1963.

Dr. Tow also stands alone in his diagnosis of pulmonary emphysema. Dr. William B. Blake, a full time specialist in thoracic surgery, in a July 31, 1964 report, described plaintiff as suffering from chronic bronchitis which he believed would clear up if plaintiff ceased smoking, which he has not done.

With regard to Dr. Tow's diagnosis of "acute anxiety nervous" the report of a psychiatric examination by Dr. Malcolm G. MacAulay on August 27, 1964, found no evidence of a thought disorder or a mood disturbance and no indication that plaintiff had been disturbed from a psychiatric standpoint.

The more reliable objective medical evidence indicates, as the hearing examiner concluded, that as of March 31, 1963, plaintiff suffered from the residuals of a back injury, including osteoarthritis of the back, chronic bronchitis, mild hypertension and some pain; that he did not have an enlarged heart, significant cardiac disease, pulmonary emphysema or a serious mental condition. Nevertheless,

plaintiff's back and lung conditions, while not completely disabling, were sufficiently severe to preclude a return to coal mining.

If we were to take plaintiff's and his wife's descriptions as to the severity of his impairments as true, there would be no reason to make further inquiry. However, the Secretary has indicated a belief that those claims are exaggerated. This is based in part upon plaintiff's claim concerning his allegedly impaired vision; his deliberate concealment of information, which he apparently felt might adversely affect his claim; and his general demeanor at the two hearings and before various personnel from the local Social Security offices.

Thus, while recognizing that in actions of this nature the question is not what men bear or what men generally bear, but what, in view of all the evidence, the particular individual can be expected to bear, Dodsworth v. Celebrezze, 349 F.2d 312 (5th Cir.1965), and that even pain unaccompanied by objectively observable symptoms which is, nevertheless, real to the sufferer and so intense as to be disabling will support a claim for disability benefits, Ber v. Celebrezze, 332 F.2d 293 (2d Cir.1964), it is felt that there is ample justification for the Secretary's concluding that plaintiff's claims in this area are overstated.

This Court is not favorably disposed toward individuals who have shown plaintiff's lack of candor in seeking benefits. It has been observed on other occasions that social security benefits were not designed to be a substitute for the various state and federal direct relief programs to the socially deprived. Thus, while in each instance the statute is sought to be liberally interpreted, there should be no inclination to reward each and every applicant simply because they have some degree of impairment and have seen fit to apply for benefits.

Nevertheless, when, as here, plaintiff has shown an inability to return to his prior occupation the burden becomes the Secretary's to show the general availability of jobs for which he is fit and qualified. Ray v. Celebrezze, 340 F. 2d 556 (4th Cir.1965). The Secretary need not show that a particular employer has a job available for the claimant or in every case that employment exists within a specific geographic boundary. Wimmer v. Celebrezze, 355 F.2d 289 (4th Cir.1966). If the Secretary has inadequately shown the existence of such jobs or, if upon an examination of all the other factors we are required to consider, it is unrealistic to expect employers to hire an individual with plaintiff's handicaps, then, notwithstanding any indiscretions in which he may have engaged while seeking benefits, the courts would be compelled to see that benefits were awarded.

It is fairly clear that plaintiff's impairments were not totally disabling as of March 31, 1963, and had he ceased smoking as his doctor advised, his bronchitis would in all likelihood have caused him little, if any, difficulty. Therefore, the question becomes whether or not the testimony of Dr. Karl F. Heiser, a vocational expert, was sufficient for the Secretary to base a finding of job availability upon, taking into consideration plaintiff's physical condition, background, work history and age, within the standards of Wimmer v. Celebrezze, supra; Cooke v. Celebrezze, 365 F.2d 425 (4th Cir.1966) and Hilton v. Celebrezze, 367 F.2d 481 (4th Cir.1966).

Plaintiff's limited education and previous work experience do not open a particularly large number of avenues of employment to him. It is recognized that employers are hesitant to hire the handicapped, particularly if they have no special skills. The prospective employer's fear of absenteeism, the possibility of higher workmen's compensation premiums, and uncertainty as to whether such an employee will be able to perform his work satisfactorily are factors militating against the abstract judgment that jobs may be available to the particular claimants. Cooke v. Celebrezze, supra.

Nevertheless, taking into consideration the fact that as of March 31, 1963, plaintiff had not yet been ad-

vised to cease smoking, so that his bronchitis must be taken to have created some additional physical impairment, we are of the opinion that there is sufficient evidence upon which a reasonable mind could very well conclude, as did the Secretary, that had he been so motivated, Allen Bryant retained the physical capacity and ability to secure and perform some of the jobs enumerated as existing by the vocational witness; that some of these jobs were available as of March 31, 1963; and that the employers in question were not adverse to hiring a willing individual with no greater impairments than plaintiff possessed at that time.

Accordingly, in view of the record as a whole, as well as the limited scope of our review, while there may be sufficient evidence to support a contrary holding, it is clear that a reasonable mind could very well have reached the same conclusion as did the Secretary—that the evidence failed to establish the claim asserted. The defendant's motion for summary judgment, therefore, is granted.