**Mary F. FLACK, Appellant,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Appellee.**

**No. 13177.**

United States Court of Appeals Fourth Circuit.

Argued May 9, 1969.

Decided July 14, 1969.

J. Nat Hamrick, Rutherfordton, N. C. (J. A. Benoy, Cary, N. C., and Hamrick & Hamrick, Rutherfordton, N. C., on the brief), for appellant.

Robert M. Heier, Atty., Department of Justice (William D. Ruckelshaus, Asst. Atty. Gen., and Morton Hollander, Atty., Department of Justice, and William Medford, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, CRAVEN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

This is an action brought by Mary Flack to review the Secretary's decision denying her disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423(a). Upon concluding that the administrative decision was supported by substantial evidence, the District Court granted the Secretary's motion for summary judgment. We affirm.

■ It is undisputed that since September 30, 1955 the claimant has not satisfied the special earnings requirement of the Act. Therefore she is not entitled to benefits unless she can establish that she was disabled on or before that date. James v. Gardner, 384 F.2d 784 (4 Cir. 1967). She spells out her claim by asserting that she became disabled in May, 1950 by reason of rheumatoid arthritis which rendered her unable to continue her vocation as a beautician or otherwise "engage in any substantial gainful activity."

■ It is elementary that the Secretary's findings must be accepted if they are supported by substantial evidence. Laws v. Celebrezze, 368 F.2d 640 (4 Cir. 1966). It is equally clear that the reviewing court may not try the case de novo and substitute its own findings for those of the Secretary. Hicks v. Gardner, 393 F.2d 299 (4 Cir. 1968). From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action. The guiding standard was well expressed in the landmark case of Universal Camera Corp. v. NLRB, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456, 466 (1951). There the Court was discussing the substantial evidence test as it applies to review of decisions of the NLRB. However, the applicable rule is the same in the present context. Justice Frankfurter declared:

"* * * [C]ourts must now assume more responsibility for the reasonableness and fairness of [administrative] decisions than some courts have shown in the past. Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function. Congress has imposed on them responsibility for assuring that the Board [agency] keeps within reasonable grounds. That responsibility is not less real because it is limited to enforcing the requirement that evidence appear substantial when viewed, on the record as a whole, by courts invested with the authority and enjoying the prestige of the Courts of Appeals. The Board's [agency's] findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals clearly precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both."

■ Courts reviewing administrative determinations in Social Security cases must be no less attentive to this command. As Judge McAllister of the Sixth Circuit pointed out in Miracle v. Celebrezze, 351 F.2d 361, 382–383 (6 Cir. 1965):

"The review of cases for disability benefits under the Social Security Act is onerous from many aspects. The case before the Hearing Examiner is heard informally. This means that there is practically no examination or cross-examination of any witnesses, except the claimant himself, usually a man whose life has been one of hard labor, and with little education; and, sometimes, a Vocational Counselor. The record, for the most part, consists of letters and written statements re-

garding the disability claimed, the extent of it, or the lack of it. Many of these statements consist of official printed forms of applications and reports filled in, in the handwriting of various individuals; and their reproduction in the record often requires laborious decipherment. These records call for searching investigation by the district courts, and further searching investigation by appellate courts."

These features of the administrative process in the disability area dictate that the courts closely scrutinize the administrative proceedings to insure a result consistent with congressional intent and elemental fairness.

■ In the present case, we have conducted a "searching investigation" of . the record, and it is our conclusion that the Secretary's decision denying benefits is supported by substantial evidence. Therefore, the judgment of the District Court is

Affirmed.