**James C. RICHARDSON, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 77–1327.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1978.

Decided April 10, 1978.

---

L. David Lindauer, Portsmouth, Va., for appellant.

Marianne P. Flood, Asst. Regional Atty., Dept. of HEW, Philadelphia, Pa. (Stephanie W. Naidoff, Regional Atty., Dept. of HEW, Philadelphia, Pa., William B. Cummings, U. S. Atty., Alexandria, Va., and Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and HOFFMAN,* Senior District Judge.

PER CURIAM:

This action was brought pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. section 405(g). Plain-

tiff Richardson twice was denied disability benefits by the Bureau of Disability Insurance of the Social Security Administration and again after a hearing *de novo* by an administrative law judge. The decision was affirmed by the district court and plaintiff appealed.

Plaintiff is male, born in 1926, and has a ninth-grade education. He was in the employ of C & P Telephone Company for 24 years. In 1974, plaintiff had a complete knee replacement of his left knee necessitated by a knee injury and degenerative osteoarthritis. His condition was aggravated by preexisting conditions in his back and right knee and by a nervous condition that developed subsequent to the knee replacement.

As a result of the surgery, plaintiff was unable to lift, bend, and squat, or to stand or sit for periods in excess of approximately 20 minutes. Because of these restrictions on his activities, plaintiff was retired from C & P as being disabled. In 1976, plaintiff filed for disability benefits under the Social Security Act.

The only issue before this court is whether, upon review of the entire record, there is substantial evidence to support the Secretary's decision. *Blalock v. Richardson*, 483 F.2d 773 (4 Cir. 1972); *Flack v. Cohen*, 413 F.2d 278 (4 Cir. 1969). Substantial evidence has been defined as "more than a scintilla but less than a preponderance. [Citation omitted.] It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion * * *." *Bryant v. Gardner*, 268 F.Supp. 373, 375 (S.D.W.Va. 1967).

▪ The burden of proof is upon plaintiff to show that he is disabled.[1] To meet this burden, plaintiff presented (1) medical evidence from the operating physician indicating that he was disabled and (2) subjective

---

* Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. To show a disability, plaintiff must demonstrate:
   * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impair-

ment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C., section 423(d)(1)(A).

The "physical or mental impairment" must be:
   * * * an impairment that results from anatomical, physiological, or psychological ab-

**804**

testimony from plaintiff, his family and friends to the effect that plaintiff needed to move around frequently to alleviate discomfort, that he took daily naps and that he had been forced to give up various recreational activities because of his health.

■ However, it is not sufficient that plaintiff merely show a disability. He must also show that, as a result of the disability, he is unable to engage in any gainful employment. *Flack v. Cohen, supra; Gotshaw v. Ribicoff,* 307 F.2d 840 (4 Cir. 1962), *cert. denied sub. nom., Heath v. Celebrezze,* 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963). Plaintiff claims to have sustained this burden in that (1) his medical evidence of disability was unrebutted and (2) the testimony of the vocational expert was not binding because it failed to take into account plaintiff's need to move about and take afternoon naps.

The Secretary presented no new medical evidence, but relied upon that presented by plaintiff indicating slow but satisfactory progress following surgery. The records show a prohibition against lifting, bending, squatting or crawling but otherwise there is nothing to indicate that the operation was other than successful. The doctor's conclusion that plaintiff was disabled was made in a letter to C & P and was not an opinion based upon a consideration of the disability standard of the Social Security Act.

The vocational expert was asked if there were jobs existent for a man of plaintiff's age and education who could not lift, bend, squat or crawl and who must alternate sitting and standing. Based on the hypothetical posed, the expert testified that plaintiff would be able to perform light, sedentary jobs such as assembler, hand packager, order filler, cigarette machine catcher, inspec-

tor and operator tending moving lines. The expert also specified several companies in plaintiff's geographical area where such positions existed. These jobs require a person to stay at a work station for two-hour periods which plaintiff alleged he could not do, but the administrative law judge concluded that plaintiff's walking and resting were largely a matter of personal preference and not a medical necessity.

■ Given the medical testimony of a generally satisfactory recovery, combined with the testimony of the vocational expert that there were jobs which plaintiff could perform, it cannot be said that there was not substantial evidence for the Secretary's finding. We, therefore, affirm the decision.

AFFIRMED.

normalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C., section 423(d)(3).

An "inability to engage in any substantial gainful activity" means that the applicant:

* * * is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of

whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence * * * "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C., section 423(d)(2)(A).