James A. HUNLEY

v.

Joseph A. CALIFANO, Secretary, HEW.

Civ. A. No. 77–0658–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 11, 1979.

W. V. Rennie, Petersburg, Va., for plaintiff.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, James A. Hunley, brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking a review of a final decision of the Secretary of Health, Education, and Welfare denying Mr. Hunley's application of July 15, 1976 seeking a period of disability, disability insurance benefits, and a supplemental security income. The sole issue is whether the final decision of the Secretary is based upon substantial evidence. *See* 42 U.S.C. § 405(g). Both plaintiff and the defendant Secretary have filed cross motions for summary judgment and the matter is ripe for disposition.

There are no factual matters in issue. At the time of plaintiff's hearing before an Administrative Law Judge on his application for disability insurance benefits and supplemental security income, plaintiff was thirty-nine years of age, five feet, eleven inches and weighed two hundred and thirty-six pounds. He had an eighth grade education, as well as some training as a barber and welder, and he could read and write. With the exception of service in the Army between 1955 and 1958, plaintiff's entire work history consists of manual labor, mostly heavy labor for meat packing and construction companies.

The file reflects that plaintiff has had a long history of back problems. On August 17, 1968, he was hospitalized after sustaining a bullet wound injury of the spine. He was discharged on August 20, 1968 against medical advice. Follow-up visits to the hospital showed that the bullet wound was healing well.

Plaintiff has been examined or treated for back problems on numerous occasions by doctors at the Medical College of Virginia Hospital. Dr. Donald Giulianti, a neurosur-

geon in the college's division of neurological surgery, examined plaintiff on August 8, 1973. The doctor reported that plaintiff related that he had experienced occasional pain in his back and right leg, occurring especially upon exercise. Examination revealed that plaintiff had a possible hernia nucleus pulposis, and the doctor recommended conservative therapy, prescribed Valium and Phenephan for plaintiff's pain, and stated that if the symptoms did not improve within the following two weeks, then he should be admitted for a myelography and possible discectomy.

On October 30, 1973, plaintiff underwent back surgery for a herniated disk. The Medical College reported that he recovered very well and had an excellent hospital course of treatment for pain.

In April, 1976, however, plaintiff again experienced rather severe back pains. Medical College physicians performed a second disk operation on him after diagnosing that plaintiff had suffered a reoccurrence of his disk problem. Following this second operation plaintiff initially had relief of his pain. Plaintiff, on May 24, 1976, returned to his work as a golf course attendant at Petersburg Country Club. His job duties included mowing grass, trimming sand traps, shoveling dirt, driving tractors, painting, unloading fertilizer and insecticides, and changing cups in the golf greens. On July 2, 1976, while performing light work, plaintiff experienced sharp pains in both legs and in his back. The golf course superintendent, seeing plaintiff in obvious pain, sent him home from work. That day, July 2, 1976, proved to be plaintiff's last day of employment.

A follow-up visit to the Medical College Hospital on July 14, 1976 revealed the return of plaintiff's rather severe back pain. On July 15, 1976, plaintiff filed an application for supplemental security income and disability insurance benefits, contending that he had become unable to work on July 2, 1976 at age 38. The applications were denied initially and upon reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the Virginia State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability. Plaintiff appealed the decision to the Administrative Law Judge and a hearing was conducted.

Dr. Mohammed Tawfick, began treating plaintiff on September 22, 1976, for complaints of back pain. Under the doctor's direction, plaintiff was admitted to the Petersburg General Hospital on October 6, 1976, and on October 11, 1976, Dr. Tawfick performed a surgical spinal fusion on plaintiff in an attempt to alleviate the complained of back pain.

At the time of a follow-up visit on November 9, 1976, plaintiff's surgical wound had not fully healed, and Dr. Tawfick estimated at that time that plaintiff would be unable to work for approximately a year. On December 7, 1976, the doctor reported that plaintiff would be disabled until June, 1977, or possibly even longer. In a report dated May 5, 1977, Dr. Tawfick reported that plaintiff still had back pain when he bent or moved frequently. The doctor was of the opinion that plaintiff had chronic back syndrome and would probably be totally disabled for the remainder of his life.

The Administrative Law Judge, on May 27, 1977, held a hearing on plaintiff's disability claims. Plaintiff, plaintiff's wife, and a vocational expert testified at the hearing. Plaintiff testified that he has back pain daily, and that the only way he can relieve the pain is by lying in bed and taking medication. Plaintiff testified additionally that, due to his back difficulties, his wife must put his shoes and socks on his feet, for plaintiff is unable to bend for that purpose. Plaintiff stated that he sometimes gets severe neck and back pains which cause him to collapse if he is walking at the time. Testimony of plaintiff's wife largely corroborated this evidence.

Both of plaintiff's treating physicians, Dr. Tawfick and Dr. Roman Sakalas of the Medical College of Virginia Hospital, submitted written opinions to the effect that plaintiff was totally disabled. Dr. Robert C. Livingstone, an orthopaedic surgeon,

68

however, performed a consultant's examination of plaintiff and concluded that plaintiff would be employable in any activity not requiring prolonged bending, standing or stooping. Dr. Livingstone noted that plaintiff had chronic back pain which he felt could be controlled with minimal analgesics.

Dr. William Irby, a board certified internist, reviewed plaintiff's file and reported his opinion that, with weight reduction, physical therapy and drugs, plaintiff should be able to do light work.

Dr. George Jarrell, a vocational expert, testified that if plaintiff's pain were so severe as to be distracting it would prevent sustained physical activity, and plaintiff would be disabled for Social Security purposes. Upon the other hand, if plaintiff's pains were found to be bearable, he was of the opinion that plaintiff could work such jobs as an attendant in a self-service gas station, a watchman, or a transport equipment operator.

The Administrative Law Judge concluded that plaintiff was not disabled within the meaning of the Social Security Act, and denied plaintiff's application for disability benefits. The Administrative Law Judge concluded that the more persuasive medical findings failed to corroborate plaintiff's allegations as to the severity of his pain.

■ This Court has no discretion but to uphold the Secretary's denial of benefits if the decision is supported by substantial evidence. 42 U.S.C. § 405(g). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and·it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when a conclusion sought to be drawn from it is one of fact for the jury." *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970), quoted with approval in *Cornett v. Califano*, 590 F.2d 91 (4th Cir. 1978). *See also Richardson v. Califano*, 574 F.2d 802, 803 (4th Cir. 1978).

Viewed in isolation, there is objective evidence which supports the Administrative Law Judge's decision that plaintiff was not disabled within the meaning of the Social Security Act. Dr. Robert Livingstone concluded after examining plaintiff that plaintiff was not disabled. The doctor found plaintiff's reflexes to be normal, concluded that there was not evidence of proliferal muscle group atrophy, and reported that plaintiff was able to rise from a prone to a sitting position. The doctor additionally concluded that plaintiff was not in acute pain. Dr. William Irby examined plaintiff's medical records and found no evidence of motor disfunction and reflex change.

The "substantiality of evidence", however, must also

. . . take into account whatever in the record fairly detracts from its weight . . .. The Boards (ALJ's) findings are entitled to respect; but they must nonetheless be set aside when the record . . . clearly precludes the Board's (ALJ's) decision from being justified by a fair estimate of the worth of the testimony of witnesses . . ..

*Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 488, 490, 71 S.Ct. 456, 466, 95 L.Ed. 456 (1951). The rule in *Universal Camera* is also applicable for court review in Social Security cases. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).

■ With the aforementioned rule in mind, the Court further recognizes that the four elements of proof which must be considered in making a finding of a claimant's ability or inability to engage in substantial gainful activity are:

(1) The objective medical facts, which are the clinical findings of treating and examining physicians divorced from their expert judgments or opinions as to the significance of these clinical findings;

(2) Diagnosis, and expert medical opinions of the treating and examining physician on subsidiary questions of fact;

(3) The subjective evidence of pain and disability testified to by the Claimant, and corroborated by his wife and neighbors;

(4) Claimant's educational background, work history, and present age.

*See Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir. 1962), and *Cornett v. Califano, supra.*

The Court concludes that there was not substantial evidence to support the Secretary's denial of disability benefits to plaintiff.

Plaintiff claims that he is disabled due to pain. Therefore, it was plaintiff's burden to prove that, as a consequence thereof, he was unable to engage in any gainful activity for a continuous period that had lasted or could be expected to last at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). Pain alone may be a disabling condition within the meaning of the Social Security Act. *Baerga v. Richardson*, 500 F.2d 309, 312 (3rd Cir. 1974) (citation omitted).

Objective medical data and the opinion of Dr. Livingstone relied upon by the Administrative Law Judge in denying plaintiff's disability benefits, was, in this Court's view, far outweighed by the evidence in support of plaintiff's claim of disabling pain.

The only witnesses to testify at the disability hearing before the Administrative Law Judge regarding plaintiff's pain were plaintiff and his wife. Plaintiff's testimony that the daily severe pain he experiences prevents him from sitting, standing, walking, or bending for long periods of time was deemed by George Jarrell, a vocational expert, to be sufficient, if accepted as true, to preclude plaintiff from engaging in any type of substantial gainful employment.

Although their opinions varied as to the degree, all of the physicians who submitted reports, including the two relied upon by the Administrative Law Judge to support his opinion, opined that plaintiff suffered chronic pain. The Administrative Law Judge nonetheless rejected the testimony of plaintiff and his wife, and found that plaintiff's pain was not disabling "[b]ased on credibility and medical evidence of record . . . ." It is clear, however, from the remainder of his opinion, that the Administrative Law Judge found the testimony of plaintiff and his wife to be less than credible because he, the Administrative Law Judge, didn't feel that the objective medical evidence corroborated plaintiff's testimony of subjective pain. The Administrative

Law Judge, after listening to several medical examination results, stated "[t]he more persuasive medically acceptable clinical and laboratory findings of record have failed to corroborate the claimant's allegation of inability to work." In the Court's view, the Administrative Law Judge placed undue emphasis on objective medical facts which he felt showed that plaintiff suffered some, but not disabling, pain.

. . . In addition to objective medical facts and expert medical opinions, the hearing examiner must consider the claimant's subjective evidence of pain and disability, as corroborated by family and neighbors; and all of these factors must be viewed against the applicant's age, educational background, and work experience. . . . Once a clinical symptom is shown to exist, its disabling effect must be considered in light of all the circumstances, including the particular claimant's subjective and general background.

*Mode v. Celebrezze*, 359 F.2d 135, 136 (4th Cir. 1966) (footnote omitted).

The facts in the instant case are not unlike those in *Dunbar v. Califano*, 454 F.Supp. 1261 (W.D.N.Y.1978) wherein the district judge reversed a decision denying a claimant disability benefits. Here, as in *Dunbar*, plaintiff's "work history and his efforts to find employment after his operation are inconsistent with the Administrative Law Judge's implicit finding that he exaggerated the degree of his pain." *Dunbar*, 454 F.Supp. at 1267.

Plaintiff Hunley, at the time of his hearing before the Administrative Law Judge, was an obese, black male, with an eighth grade and some limited vocational school education. Plaintiff's entire civilian work history consisted of manual labor employment. His three major surgical operations on his back were performed over a period of less than three years. Even after the second operation, plaintiff returned to work. After plaintiff was incapacitated due to severe back pains which he suffered while doing light work at the Petersburg Country Club, Thomas English, the golf

course superintendent, stated in a letter that ". . . In my opinion, Mr. Hunley made a sincere effort to work, even when possibly he shouldn't have. . . ."

Moreover, Mr. Hunley's family responsibilities dictated that he return to work after his third and final operation, a spinal fusion, if at all possible. Plaintiff testified at his hearing before the Administrative Law Judge that he was the father of eight children, seven of whom were under the age of eighteen, and that he had not worked or earned money since he left the Petersburg Country Club on July 2, 1976.

In light of these facts which support the uncontradicted testimony of plaintiff and his wife as to plaintiff's subjective pain, the Court is of the view that the Administrative Law Judge was in error.

While the Administrative Law Judge's conclusions as to the objective medical facts were supported by evidence, the other reasons upon which he premised his ultimate conclusion are not supported by the facts of the case. The Administrative Law Judge stated that plaintiff "maintained good weight for his height", a factor which would ameliorate the strain on his injured back. At the time of plaintiff's hearing before the Administrative Law Judge, however, plaintiff was five feet, eleven inches tall, two hundred and thirty-six pounds, clearly obese in the opinions of the examining physicians.

The Administrative Law Judge, presumably as support for his decision, cited the opinion of Dr. William Irby, a board certified internist who reviewed plaintiff's medical records and concluded that, with weight reduction, physical therapy and drugs, plaintiff would be able to do light work which did not entail heavy lifting or prolonged bending. A basic predicate of the doctor's opinion, however, was that plaintiff must lose weight to be able to work. There was no indication that this was practicable in plaintiff's case within the twelve month period of disability set forth in the Social Security Act. At the time of the hearing, plaintiff was overweight and inferentially, in Dr. Irby's opinion, unable to work at

even light jobs until he brought his weight under control.

In addition to his work record, his family situation, and the testimony of plaintiff and his wife, the opinions of both of plaintiff's treating doctors supported the conclusion that plaintiff was disabled due to pain. Dr. Tawfick, a board certified orthopaedic surgeon, after performing a spinal fusion on plaintiff, stated that "[i]t is my opinion that this patient (plaintiff) is suffering from chronic back syndrome and that his total disability will probably remain for the remainder of his life." Dr. Sakalas, an assistant professor of neurological surgery at the Medical College of Virginia Hospital, the hospital where plaintiff received treatment and surgery for his back problems over a number of years, stated his opinion that plaintiff "would be totally disabled probably for the remainder of his life as a result of his back condition."

In contradistinction to these opinions of plaintiff's treating physicians was the opinion of Dr. Livingstone, who had examined plaintiff only once and who stated that plaintiff probably had some chronic pain which was not acute, could be controlled with minimal analgesics, and was not disabling.

> [O]nce it is determined that an impairment exists, the opinions of the treating physician are entitled to substantially greater weight than the impressions of a doctor who sees the claimant only once.

*Allen v. Weinberger*, 552 F.2d 781 (7th Cir. 1977), quoting *Selig v. Richardson*, 379 F.Supp. 594, 601 (E.D.N.Y.1974); *accord, Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Berven v. Gardner*, 414 F.2d 857, 861 (8th Cir. 1969); *Teague v. Gardner*, 281 F.Supp. 43, 48 (E.D.Tenn.1968); *Bates v. Celebrezze*, 234 F.Supp. 349, 354 (W.D.S.C. 1964).

In conclusion, the vast weight of evidence shows that the plaintiff was disabled within the meaning of the Social Security Act for a period of at least twelve months due to his back pain. A single examination by Dr. Livingstone is not substantial evidence, in the face of the entire

record, to support the Administrative Law Judge's decision that plaintiff was not disabled due to subjective pain. *See Claussell v. Secretary of HEW*, 337 F.Supp. 717, 722–23 (S.D.N.Y.1972).

An appropriate order shall issue.