**Walton A. SMOAK, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 83–32–1.

United States District Court, D. South Carolina, Spartanburg Division.

July 6, 1983.

Danny R. Smith, Spartanburg, S.C., for plaintiff.

James D. McCoy, III, Asst. U.S. Atty., Greenville, S.C., and Carl H. Harper, Regional Atty., F. Allen McDonogh, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., for defendant.

## ORDER

HAWKINS, District Judge.

This action for review of a final decision of the Secretary of Health and Human Services (hereinafter "Secretary") is before the court with the report and recommendation of the United States Magistrate, made in accordance with this court's order of reference and 28 U.S.C. § 636(b). The court is charged with making a *de novo* determination of any portions of the Magistrate's recommendation to which specific objection is made, and it may accept, reject or modify, in whole or in part, the recommendations made by the Magistrate or recommit the matter to the Magistrate with instructions.

The plaintiff in this action filed an application for disability insurance benefits alleging inability to work or to pursue any gainful activity. After the application was denied, the plaintiff requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), who by order dated September 22, 1981, granted disability benefits to the plaintiff, but held the plaintiff did not become disabled until February 8, 1980. The decision of the ALJ, finding the plaintiff disabled as of February 8, 1980, became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on December 3, 1981. The plaintiff then filed this action under 42 U.S.C. § 405(g) seeking review of the final decision of the Secretary.

This dispute requires a determination of the date on which the plaintiff became disabled. In his report to this court, the Magistrate recommended the decision of the Secretary be reversed and the plaintiff awarded a period of disability and the right to disability insurance benefits as of November 26, 1977.

After reviewing the record, the applicable law, the briefs of counsel, and the report of the Magistrate, which is incorporated into this order by specific reference, the court adopts the Magistrate's recommendation that the onset date of disability is November 26, 1977, and finds all the defendant's exceptions to the Magistrate's report without merit.

On February 8, 1980, the plaintiff was hospitalized with prolapsed hemorrhoids which were treated surgically. During this period of hospitalization, the attending physician, Dr. G.B. Hodge, diagnosed the plaintiff's condition as severe osteoarthritis, adequately managed hypertensive cardiovascular disease and obesity. He noted extensive arthritic deformities of the fingers and hands, and inability to completely make a fist. Based primarily on this report, the ALJ determined the plaintiff was disabled as of February 8, 1980, due to extensive arthritic deformity of the fingers and hands. (Tr. 94).

By February, 1980, there is no question that plaintiff had extensive arthritic deformity. However, this condition was first recorded back in August, 1975, by Dr. R.H. Littlefield, who diagnosed the plaintiff as suffering from hypertensive vascular disease, chronic alcohol abuse and diabetes along with his arthritis.

On March 11, 1977, the plaintiff visited Dr. R.S. Pollitzer, who diagnosed him as suffering from hypertensive cardiovascular disease and degenerative joint disease (degenerative arthritis). (Tr. 111–12).

The plaintiff was admitted to the Mary Black Hospital on November 26, 1977, and remained there through January 12, 1978. The claimant was admitted due to his hypertensive vascular disease. His treating physician, Dr. Littlefield, diagnosed him as suffering from accelerated hypertensive vascular disease with hypertensive encephalopathy, chronic ethanol abuse, exogenous obesity, mature onset diabetes, and history of recurrent bronchitis.

Dr. Littlefield next saw the plaintiff on October 15, 1979. At this meeting, no x-rays of the plaintiff's joints were made, but

Dr. Littlefield noted that the plaintiff had problems walking, standing and bending when his joints were swollen. However, when there was no active effusion, there was no problem with ambulation. Also, the plaintiff was able to use his hands for fine and gross movements. (Tr. 140).

It is important to note that plaintiff's admittance into the hospital on February 8, 1980, was not for a condition which plaintiff claims was disabling. While in the hospital for treatment of prolapsed hemorrhoids, Dr. Hodge made a determination that the plaintiff was "disabled because of his severe hypertensive cardiovascular disease, diabetes mellitus, and arthritis." (Tr. 135). However, plaintiff was admitted to the hospital back in November, 1977, for treatment of a condition which he now claims was disabling. The plaintiff remained in the hospital for approximately one and a half months on that occasion.

■ The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir.1964). *E.g., Daniel v. Gardner,* 404 F.2d 889 (4th Cir.1968); *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir.1966); *Tyler v. Weinberger,* 409 F.Supp. 776 (E.D.Va.1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Secretary. *E.g., Vitek v. Finch,* 438 F.2d 1157 (4th Cir.1971); *Hicks v. Gardner,* 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). However, as noted by Judge Sobeloff in *Flack v. Cohen,* 413 F.2d 278 (4th Cir.1969), "[f]rom this it does not follow ... that the findings of the administrative

agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch,* 438 F.2d 1157, 1157–58 (4th Cir.1971). *E.g., Thomas v. Celebrezze,* 331 F.2d 541 (4th Cir.1964).

The medical evidence in this case establishes a combination of disabling conditions which existed at the time plaintiff was hospitalized on November 26, 1977. The only evidence to support the Secretary's decision that the onset date of disability was February 8, 1980, was Dr. Littlefield's report on the plaintiff's condition following their meeting on October 15, 1979. In that report, Dr. Littlefield concluded that when there was no active effusion there was no problem with ambulation, and the plaintiff was able to use his hands for fine and gross movements. (Tr. 140). However, in the same report, Dr. Littlefield noted the plaintiff had problems walking, standing and bending when his joints were swollen. This is the only medical evidence in the record between the two hospital dates.

■ The plaintiff's condition of hypertensive vascular disease, chronic alcohol abuse, diabetes and arthritis is well-documented since 1975. In early 1977, Dr. Pollitzer's diagnosis was degenerative arthritis and hypertensive cardiovascular disease. The plaintiff's condition was severe enough on November 26, 1977, to require approximately one and a half months in the hospital. The amount of evidence supporting the Secretary's decision is, at most, a scintilla. When the Secretary's decision is not supported by substantial evidence, the court does not have to accept his factual findings, and must give careful scrutiny to the whole record. *Vitek v. Finch,* 438 F.2d 1157 (4th Cir.1971).

After carefully considering the entire record, this court is of the opinion that the plaintiff's onset date of disability was No-

vember 26, 1977. Therefore, the Magistrate's recommendation is adopted, and it is

ORDERED, that the plaintiff be awarded a period of disability and the right to disability insurance benefits as of November 26, 1977.

AND IT IS SO ORDERED.