956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances F. BRITTAIN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-1132.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1991.
Decided March 11, 1992.
As Amended April 2, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA-89-2275-3-6J)
 Argued: Ronald A. Hightower, Lexington, S.C., for appellant; Cheryl L. Nikonovich-Kahn, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., for appellee.
 On Brief: Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila N. Kleinman, Supervisory Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., Stuart M. Gerson, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The claimant, Frances F. Brittain, appeals from the district court's order affirming the final decision of the Secretary of Health and Human Services [Secretary], who concluded that Brittain was not entitled to disability benefits under the disability insurance provisions of the Social Security Act, 42 U.S.C. § 423. Brittain raises three issues on appeal. First, she argues that the decision of the Secretary is not supported by substantial evidence. Second, she contends that the Secretary improperly evaluated the evidence. Finally, she argues that during the administrative appeals process the Secretary improperly refused to consider supplemental affidavits concerning her condition. Upon review, we affirm the decision of the district court.
 
 
 2
 * On September 22, 1986, Brittain applied for disability benefits based on an alleged inability to work since June 1, 1986, as the result of bronchial asthma. She had worked in a beauty shop as an operator and instructor. She quit on June 1, 1986, at which time she underwent hospitalization at Moncrief Army Hospital for bronchitis and bronchospasms. Brittain was told, apparently during her hospitalization, that her bronchial condition was caused by chemicals present in her workplace. After this hospitalization, she was cared for by Dr. Peter J. Stahl.
 
 
 3
 Dr. Stahl examined Brittain several times in the fall of 1986. He noted a condition of controlled thyroid deficiency, a suicide attempt as a teenager, and the hospitalization in June 1986 for asthmatic bronchitis. Dr. Stahl determined that Brittain's lungs were clear and her pulmonary function was better than average. He noted no evidence of asthma. Subsequent exams noted mild coughing, occasional wheezing, and problems with her ears. Allergy testing showed mild reactions to ragweed, trees, grasses and mold. Dr. Stahl concluded that Brittain may have a mild allergic component.
 
 
 4
 Dr. Lawrence Weiner, an allergist, examined Brittain pursuant to a referral from Moncrief Hospital. Dr. Weiner noted that, by her history, she had a chronic disease. He concluded that Brittain had passive allergies for which he prescribed immunological treatments.
 
 
 5
 Brittain also underwent vocational testing and counseling. Such testing indicated relatively low skill levels and a psychological condition of depression and sensitivity to stress. Dr. Claudette Felder, a psychologist with Vocational Rehabilitation, questioned Brittain's motivation to work and concluded that Brittain's inability to work was based on obstacles which Brittain herself erected. Because of this lack of motivation, Dr. Felder doubted the ability of Vocational Rehabilitation to help Brittain.
 
 
 6
 Brittain's application for benefits was denied and she requested a hearing. After a hearing in July 1987, an Administrative Law Judge [ALJ] determined that Brittain was not entitled to disability benefits. Following this first hearing, Dr. Charles Vander Kolk, a psychological and vocational expert, examined Brittain. Dr. Vander Kolk opined that Brittain had chronic psychological problems which effectively precluded her from working. Brittain appealed the ALJ's decision to the Health and Human Services Appeals Council [Appeals Council]. Based on the new evidence of Dr. Vander Kolk, the Appeals Council granted review of the ALJ's first decision. After review, the Appeals Council remanded the case to the ALJ for consideration of a possible mental disability.
 
 
 7
 Based on the remand, a second hearing was held before the ALJ. The ALJ found in the second hearing that Brittain had bronchial asthma and a moderate depression disorder. She further found, however, that Brittain still had the exertional and nonexertional capability to perform light and sedentary work and that she could still perform jobs such as an assembler in a pollutant free environment. The ALJ relied in part on the opinions of Dr. Wayne Lockhart, a psychiatrist who examined Brittain (at the request of the Secretary), and Dr. Charles Edwards, a vocational expert.
 
 
 8
 Dr. Lockhart examined Brittain and evaluated her mental health. He reported that she had moderate depression with symptoms of paranoia. He opined that she was not significantly impaired due to mental disorder and with treatment she had a favorable prognosis. He concluded that her condition did not significantly limit her ability to understand and carry out simple and complex job instructions and to practice acceptable social behavior.
 
 
 9
 In the second hearing, the ALJ posed hypothetical questions to the vocational expert. Beginning with Brittain's age, education, and work experience, the ALJ outlined a medical condition which precluded a hypothetical claimant from being around chemical odors, vapors and airborne pollutants, as well as a psychological impairment which prevented extensive contact with the public. The expert replied that such a person could perform work, such as assembling electronics, in a climate controlled work environment. The expert noted that there were some 2,000 to 3,000 jobs of this type in South Carolina.
 
 
 10
 Counsel for Brittain described a hypothetical person to the expert who was unable to carry out normal daily activities such as shopping, having a job, or anything else because of shortness of breath. Counsel also described this person as angry and unable or unwilling to cooperate. The vocational expert opined that such a person would be unable to perform any work.
 
 
 11
 The ALJ ruled against Brittain in this second hearing and Brittain appealed to the Appeals Council a second time. With her appeal, Brittain submitted supplemental reports from Dr. Vander Kolk and Dr. Frank Provenzano as proof of her complete inability to work due to mental disability. These doctors opined that the claimant was mentally disabled and unable to work on the date her insurability expired on December 31, 1986.[1] The Appeals Council refused to consider Dr. Provenzano's statement on the ground that his examination of Brittain, which occurred May 17, 1989, was performed too long after the last date on which Brittain was insured. Dr. Vander Kolk's supplemental report, dated April 28, 1989, opined that Mrs. Brittain's complete mental disability extended back to 1986. This supplemental opinion was based on a reconsideration of medical reports and documents already before the ALJ and not on a new examination of Brittain. The Appeals Council refused to consider Dr. Vander Kolk's information on the ground that it was retrospective and speculative. Because the Appeals Council refused to consider this supplemental information, it found no reason to review the decision of the ALJ. The second decision of the ALJ, therefore, became the final decision of the Secretary. Wilkins v. Secretary, Department of Health and Human Services, No. 90-1476, slip op. at 6 (4th Cir. Dec. 17, 1991) (citing Russel v. Bowen, 856 F.2d 81, 83-84 (9th Cir.1988)).
 
 
 12
 Brittain appealed the decision of the Secretary to the district court. The district court referred the matter to a federal magistrate judge pursuant to 28 U.S.C. § 636(b). The magistrate judge recommended to the district court that the decision of the Secretary be affirmed. The district court adopted the recommendation and this appeal followed.
 
 II
 
 13
 Under 42 U.S.C. § 405(g), the scope of review is limited to: (1) whether the decision of the Secretary is supported by substantial evidence; and (2) whether legal conclusions of the Secretary are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir.1980); Richardson v. Califano, 574 F.2d 802 (4th Cir.1978).
 
 
 14
 "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is equated to the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir.1984); Law v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 III
 
 15
 The framework of law for evaluating whether a claimant is disabled is based on the steps outlined in 20 C.F.R. § 404.1520(a-f). Brittain contends there is insufficient evidence to support two conclusions of the ALJ under this framework: (1) that Brittain's physical and mental impairments, alone or in combination, were not totally disabling; and (2) given her mental and physical impairments, there is a substantial amount of gainful work she could perform in the marketplace.
 
 
 16
 * Brittain argues that she is totally disabled and unable to perform any work. The ALJ concluded that this claim was not credible. The ALJ specifically found that claimant suffered from bronchial asthma and a moderate depression disorder. (Record of Proceedings [Rec.], p. 34.) The ALJ also concluded that none of plaintiff's impairments or combination of impairments were listed in or medically comparable to the impairments which automatically qualify a claimant for disability status. See 20 C.F.R. § 404.1520(d); Append. 1, Part 404, Subpt. P. The ALJ further concluded:
 
 
 17
 [C]laimant's allegations regarding the effects of her impairments on her ability to work are not credible to preclude the performance of at least light work activity in a climate controlled environment which does not involve extensive working activities with the public. (Rec. at 34.)
 
 
 18
 Each of these holdings is supported by substantial evidence in the record. As to the extent of physical impairment, the evidence before the ALJ showed Brittain's asthma readily responded to treatment, her respiratory capacity was normal or above average, and claimant suffered some allergies, but no physical ailment limited her ability to work if the work environment was free of airborne irritants. Brittain herself testified that she carried out many light tasks at home. Brittain alleged she was unable to carry out any activities, such as shopping, on a sustained basis. The ALJ took particular note, however, of evidence of claimant's bills incurred in repeated visits to local department stores, including a purchase of cosmetics, which plaintiff alleged particularly aggravated her allergies and bronchial difficulties.
 
 
 19
 As to mental impairment, there was evidence supporting the conclusion of the ALJ that Brittain had a moderate depression disorder, that such condition was not disabling, that Brittain's alleged mental impairments were largely self-imposed, and Brittain was in essence "a chronic complainer who was very much interested in qualifying for disability benefits." (Rec. at 31.) Dr. Felder, the psychologist with Vocational Rehabilitation, opined that Brittain's inability to work was based on obstacles Brittain created herself, not some involuntary mental impairment. Dr. Lockhart, a psychiatrist, opined that claimant had a moderate depressive disorder, but did not "see her as being significantly impaired due to mental disorder." (Rec. at 310.) Dr. Lockhart noted that Brittain was "alert, oriented, pleasant, and cooperative," suffered no current hallucinations or delusions, and possessed ability to reason and concentrate. (Rec. at 308-310.) Dr. Lockhart noted that Brittain stated that she did not get along well with other people. In short, on the record before the ALJ, we find that there was substantial evidence to support the ALJ's conclusion that Brittain's actual physical and mental impairments, alone or in combination, were not totally disabling.
 
 B
 
 20
 Brittain also challenges the finding of the ALJ that there was work in the marketplace which claimant could perform given her age, education, work experience, and impairments, thereby disqualifying her from entitlement to benefits. 20 C.F.R. § 404.1520(f).[2] As Brittain notes, proof of whether there is a substantial amount of gainful work which a claimant can perform is frequently shown through testimony of a vocational expert. A vocational expert, Dr. Charles Edwards, testified in this case, and much of the parties' briefs are devoted to a discussion of this testimony. The testimony of this expert was based on hypothetical questions posed by the ALJ and by counsel for Brittain. Dr. Edwards was also present during the testimony of Brittain and direct reference was made to information she gave in framing the hypotheticals.
 
 
 21
 Brittain complains that the hypothetical tendered by the ALJ omitted relevant evidence of her condition. Brittain contends that the ALJ restricted the hypothetical facts so that the only conclusion possible was that Brittain was not disabled to the extent she could not work. Brittain's argument fails because, as discussed under Part III, A, above, the ALJ's conclusion that claimant was not totally disabled is supported by substantial evidence.
 
 
 22
 A reading of the transcript of the second hearing before the ALJ shows the ALJ began with a less restrictive hypothetical and, thereafter, expanded the hypothetical restrictions to include more restrictive conditions. The ALJ began with a hypothetical claimant who had a GED; was 50 to 52 years old; with Brittain's past work experience as Brittain described in her testimony; and a health problem which precluded her being around odors, vapors, aerosols, cleaning agents, ammonia and perfume. The expert responded that such a person would be able to greet customers and work in sales. The expert noted that there were some 1,450 jobs of this type in South Carolina. He noted a possible problem with residual cleaning agents in bathrooms that would have to be controlled. The ALJ then added to the hypothetical, psychological restrictions which precluded extensive contact with the public. The expert responded that the hypothetical person could perform jobs such as sedentary bench work in the medical and electronics industries. He testified that some 2,000 to 3,000 of these bench work jobs existed in South Carolina.[3] As noted in Hicks v. Califano, 600 F.2d 1048 (4th Cir.1979), 110 jobs in the marketplace is a sufficient number of jobs under the statute to be deemed "substantial" as required by 42 U.S.C. § 423(d)(2)(A).
 
 
 23
 Brittain contends that when her counsel presented the complete facts, the vocational expert correctly responded that the hypothetical claimant would be unable to perform assembly work. These "complete facts" described the hypothetical claimant as unable to carry out any of her life's activities, such as shopping, having a job, or anything else because of frequent, severe, shortness of breath; irritability; psychotic episodes; severe impairment; fear of emotional involvement; and an angry and demanding personality. The expert conceded that there was no relevant work for such a person.
 
 
 24
 In framing the facts in this manner, counsel for Brittain did not describe her condition as found by the ALJ. As discussed above, there was substantial evidence in the record showing that the hypothetical posed by the ALJ, not claimant's counsel, described Brittain's condition. The ALJ is required to set out the claimant's physical and mental impairments. Ledoux v. Schweiker, 732 F.2d 1385, 1388 (4th Cir.1984). The ALJ need not treat every allegation of impairment by claimant as fact; the ALJ is entitled and required to make factual determinations on disputed conditions. Hicks v. Califano, 600 F.2d at 1312. In this case, the ALJ found Brittain's claims of total disability incredible and exaggerated. The ALJ posed a hypothetical to the expert based on those allegations of impairment which the ALJ concluded were credible and supported by evidence in the record. Based on the testimony of the vocational expert, the ALJ held there were relevant jobs in the marketplace, in substantial number, which Brittain could perform. Claimant does not dispute that such jobs exist or that a person described in the ALJ's hypothetical could perform such work. Brittain's sole argument is that she is totally disabled, an argument rejected by the ALJ with substantial support in the record.
 
 IV
 
 25
 Brittain also challenges the Appeals Council's refusal to consider supplemental statements and review the second decision of the ALJ. Following the ALJ's second decision, counsel for Brittain submitted supplemental reports from Drs. Provenzano and Vander Kolk to the Appeals Council. Dr. Provenzano's report was the result of a detailed psychological evaluation of Brittain performed in March and April, 1989. He concluded that Brittain was mentally impaired to the extent that she could not work from the time period beginning in 1983 to the time of the evaluation. Dr. Vander Kolk's supplemental report, dated April 28, 1989, stated that Brittain was mentally impaired before July 3, 1987, the date on which Dr. Vander Kolk had initially examined her. The Appeals Council declined to consider these reports on the grounds they indicated the condition of Brittain at the time of the examinations, not at the time her insurability expired in 1986. The Appeals Council felt that such conclusions were entirely speculative and unpersuasive.
 
 
 26
 Brittain contends that the Appeals Council was obligated to hear any new and material evidence under 20 C.F.R. § 404.970(b). Brittain contends Dr. Provenzano's evidence is new and material because it was the most comprehensive testing performed. As Brittain's own counsel notes, however, the evidence presented in the supplemental report is consistent with all prior testimony. This report shows no conclusions that were not already expressed by other doctors. The Appeals Council is required to review the entire record only if new and material evidence is presented. In this case, the supplemental information from Dr. Provenzano is not new. It basically reiterated prior evidence that Brittain was mentally disabled to the extent she could not work. The opinion of Dr. Vander Kolk is also not new. It is merely a reiteration of his findings from the examination he performed in July 1987. Thus, it was not error for the Appeals Council to refuse to consider the supplemental information and deny further review.
 
 V
 
 27
 Brittain contends that the ALJ made several procedural errors in assessing her claim. First, Brittain asserts that the ALJ failed to consider all of Brittain's impairments in combination. Contrary to this assertion, the ALJ's questioning of the vocational expert demonstrates a consideration of all credible impairments in combination. In her hypothetical questions, the ALJ first posed an individual who was precluded from physical contact with chemicals and odors. The ALJ then added and included further psychological restrictions, specifically the limited ability to endure extensive contact with the public.
 
 
 28
 There is no contention by Brittain that any relevant medical and psychological evidence was precluded from the ALJ's consideration. Once again, the claimant's argument turns on the ALJ's findings as to the extent of her mental impairment. Brittain contends her mental condition was totally disabling. The ALJ concluded it was not. The ALJ had all relevant evidence before her and she demonstrated a consideration of the combination of disabilities in her questions to the vocational expert.
 
 
 29
 Second, Brittain contends that the ALJ was required to make specific credibility findings as to all witnesses. She claims that there were no such findings with respect to her husband and son. Brittain's son and husband did not, however, testify at the second hearing which is now on appeal. The first hearing was vacated pursuant to 20 C.F.R. §§ 404.976, 404.977 and 404.979. Brittain argues also that there was no credibility finding with respect to testimony of witnesses about asthma attacks. It is clear the ALJ found that allegations of such attacks, as a whole, were not supported by the evidence. An ALJ need not comment on all evidence submitted. The ALJ made appropriate credibility determinations. The ALJ noted that Brittain's allegations regarding the effects of her disabilities on her ability to work lacked credibility given the medical and psychiatric evidence in the record. Such credibility findings are clearly within the purview of the ALJ and are not disturbed absent clear error. See, e.g., Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).
 
 VI
 
 30
 After a thorough review of the record, we conclude that the district court did not err in holding that the decision of the Secretary should be affirmed. The second decision of the ALJ finding Brittain had treatable asthamatic and allergic conditions and a moderate depressive mental condition which singularly or in combination were not totally disabling is supported by substantial evidence. The finding that substantial work existed in the marketplace which Brittain could perform given her limitations is also supported by substantial evidence. The Appeals Council did not err in refusing to consider additional medical evaluations and denying further review of Brittain's claim. Finally, the record does not support claimant's argument that the ALJ committed procedural errors in evaluating her claim. Accordingly, the decision of the district court upholding the final decision of the Secretary is affirmed.
 
 
 31
 AFFIRMED.
 
 
 
 [1]
 In order to qualify for disability benefits, claimant must show she became disabled prior to the expiration of her insured status. 20 C.F.R. §§ 404.101404.146
 
 
 [2]
 The ALJ determined that claimant could not return to the type of work she previously held as a beautician because of the presence of airborne irritants. 20 C.F.R. § 404.1520(e). Neither party challenges this determination
 
 
 [3]
 The Secretary need not show that the particular claimant is hireable, only that given her functional condition, there are jobs in substantial number in the marketplace that she could perform. Thomas v. Sullivan, 928 F.2d 255, 261 (8th Cir.1991)